UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 00-1809 (DSD/FLN)

Fortune Funding, LLC, a Florida limited liability company,

Plaintiff,

The Prudential Insurance Company of America, a New Jersey Corporation,

Intervenor,

v.

Ceridian Corporation, a Delaware corporation,

Defendant.

**ORDER**

This matter is before the court on plaintiff's appeal of Chief Magistrate Judge Franklin L. Noel's October 11, 2000 order granting Prudential Insurance Company's motion to intervene. On appeal, plaintiff contends that Prudential does not have a legally cognizable claim against defendant and lacks constitutional standing to intervene.

This court will overturn the decision of a magistrate judge on a pretrial matter only if such decision is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); D. Minn. L.R. 72.1(b)(2). Based on a review of the parties' submissions and a tape recording of the motion hearing, the court finds no reason to

FILED 1-30-01
FRANCIS E. DOSAL, CLERK
Judgment Ent'd. ______
Deputy Clerk's Initials ______

reverse the magistrate judge's conclusion that Prudential should be allowed to intervene under Fed. R. Civ. P. 24(b)(2).

Fortune's primary contention on appeal is that Prudential has no valid claim against defendant under Minnesota property law. However, as Prudential properly argues, a Rule 24 intervention motion is not the proper vehicle to consider the merits of Prudential's claim. For purposes of permissive intervention, Prudential need only establish that its claims have "common questions of fact or law" with the main action. Fed. R. Civ. P. 26(b)(2). In addition, the court must consider whether intervention will unduly delay or prejudice adjudication of the claims of the original parties. Id.

It is apparent from the parties' pleadings that Prudential's claims have both questions of law and fact in common with Fortune's lawsuit, including but not limited to defendant Ceridian's obligations under the lease agreement and its conduct as lessee of the subject property. In addition, the court notes that the magistrate judge fully explored at the motion hearing whether Prudential's intervention in the case would cause undue delay and the court finds no error in his conclusion that it will be expeditious to consolidate the claims between the three parties regarding the same lease and property.

Although not discussed by the magistrate judge, "Article III standing is a prerequisite for intervention in a federal lawsuit".

Curry v. Regents of the Univ. of Minn., 167 F.3d 420, 422 (8th Cir. 1999). In order to meet this requirement, the proposed intervenor must show that there is injury in fact, causation and redressability. See id. at 422. Here, Prudential's claims that Ceridian is responsible for $20 million in damages to Prudential's security interest and that Ceridian induced Prudential to make a $40.5 million loan based on misrepresentations as to the condition of the leased premises clearly satisfy the requirements for Article III standing.

Accordingly, the magistrate judge's order dated October 11, 2000 is affirmed in all respects and **IT IS HEREBY ORDERED** that Prudential's motion to intervene is granted pursuant to Fed. R. Civ. P. 24(b)(2).

Dated: January 30, 2001

David S. Doty, Judge
United States District Court