UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Fortune Funding, LLC, a Florida limited liability company,

Plaintiff,

The Prudential Insurance Company of America, a New Jersey corporation,

Intervenor,

v.

Ceridian Corporation, a Delaware corporation,

Defendant.

File No. 00-1809DSD/FLN

**STIPULATION AND ORDER ALLOWING PLAINTIFF'S MOTION TO SERVE AND FILE SECOND AMENDED COMPLAINT**

The parties to this action, by and through their undersigned counsel, stipulate that the court may enter an order allowing plaintiff Fortune Funding, LLC to serve and file a Second Amended Complaint in the form attached as Exhibit A.

Dated: 4 April 2001

Gary A. Van Cleve (156310)
LARKIN, HOFFMAN, DALY & LINDGREN, Ltd.
1500 Wells Fargo Plaza
7900 Xerxes Avenue South
Bloomington, Minnesota 55431-1194
(952) 835-3800

Attorneys for Plaintiff

APR 17 2001
FILED
... DOSAL, CLERK
JUDGMENT ENTD ___
DEPUTY CLERK ___

Dated: April 4, 2001

Steven J. Wells (163508)
Randall R. Frykberg (257941)
DORSEY & WHITNEY LLP
Pillsbury Center South
220 South Sixth Street, Suite 1300
Minneapolis, Minnesota 55402-1498
(612) 340-2600

Attorneys for Defendant

D. Charles Macdonald (151385)
FAEGRE & BENSON LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, Minnesota 55402-3901
(612) 336-3000

Dated: 4 April 2001

Brian Fielden (by DCM)

William H. Hughes, Jr. (pro haec vice)
Brian Fielden (pro haec vice)
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, Georgia 30309-3424
(404) 881-7000

Attorneys for Intervenor

**ORDER**

Based upon the above stipulation of counsel, IT IS HEREBY ORDERED THAT:

Plaintiff's motion to serve and file a Second Amended Complaint is **GRANTED.**

Dated: April 16, 2001

FRANKLIN L. NOEL
Chief Magistrate Judge

::ODMA\PCDOCS\LIB1\665736\1

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Fortune Funding, LLC, a Florida limited liability company,

Plaintiff and Cross-Claim Plaintiff,

The Prudential Insurance Company of America, a New Jersey corporation,

Intervenor and Cross Claim Defendant,

v.

Ceridian Corporation, a Delaware corporation,

Defendant.

File No. 001809DSD/JMM

**SECOND AMENDED COMPLAINT**

**JURY TRIAL DEMANDED**

For its second amended complaint, plaintiff Fortune Funding, LLC ("Fortune Funding") states and alleges as follows:

**THE PARTIES**

1. Fortune Funding is a Florida limited liability company with its principal place of business located in the State of New York. Fortune Funding's members are residents of the States of New York and Florida. Fortune Funding is licensed to do business in Minnesota. Fortune Funding owns the improvements that are the subject matter of this lawsuit at 3105 East 80th Street and 8100 34th Avenue South, in the City of Bloomington, County of Hennepin, State of Minnesota.

2. Prudential Insurance Company of America ("Prudential") is a New Jersey corporation with its principal place of business in Newark, New Jersey.

**EXHIBIT** A

3. Defendant Ceridian Corporation ("Ceridian") is a Delaware corporation with its principal place of business located in Minnesota.

**JURISDICTION AND VENUE**

4. This court has jurisdiction under 28 U.S.C. § 1332 because the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

5. Venue is properly before this court according to 28 U.S.C. § 1391.

**GENERAL ALLEGATIONS**

6. In early 1985, Ceridian sold the 8100 Tower and Atrium Center buildings used for its corporate headquarters at 3105 East 80th Street and 8100 34th Avenue South in Bloomington (collectively the "Leased Premises") to Minnesota UTF, II, a Florida general partnership, as part of a sale-leaseback transaction.

7. Prudential financed Minnesota UTF, II's purchase of the Leased Premises by loaning $40,500,000 in exchange for a promissory note, Combination Mortgage, Security Agreement and Fixture Financing Statement, and an Assignment of Rents and Leases.

8. As part of the transaction, Ceridian entered into a 15-year lease agreement with Minnesota UTF, II for the Leased Premises dated July 29, 1985 (the "Lease Agreement"). A true and correct copy of the Lease Agreement is attached hereto and incorporated herewith as Exhibit A.

9. Shortly after purchasing the Leased Premises, Minnesota UTF, II sold its interest to I. Reiss & Son.

10. In December 1985, I. Reiss & Son sold its leasehold interest in the Leased Premises to Fortune Funding Company, a Florida general partnership and predecessor-in-interest

to Fortune Funding. Fortune Funding purchased the Leased Premises subject to the Prudential mortgage.

11. As part of the sale transaction with I. Reiss & Son, Fortune Funding Company, and later, Fortune Funding, became the lessor under the Lease Agreement with Ceridian.

12. Section 1.1 of the Lease Agreement states in part that "Lessee has examined the Premises and . . . found all of the same satisfactory for all purposes."

13. Section 2.1(a) of the Lease Agreement states in part that "Lessee acknowledges that it has received the Premises in good order and repair."

14. Section 2.1(a) of the Lease Agreement requires Ceridian in part to "take all action and ... make all structural and nonstructural, foreseen and unforeseen and ordinary and extraordinary changes and repairs which may be required to keep all parts of the Premises in good repair and condition . . .."

15. Through a letter to Fortune Funding dated December 10, 1985, Ceridian represented that it "has no knowledge of any default under the lease", including any of the above-listed representations with respect to the condition of the Leased Premises and Ceridian's obligations under Section 2.1(a) of the Lease Agreement. A true and correct copy of the December 10, 1985 letter is attached hereto and incorporated herewith as Exhibit B.

16. On June 13, 2000, and based on information available to it as limited by its lack of access to the Leased Premises, Fortune Funding sent written notice to Ceridian requesting that it immediately make repairs to several conditions concerning the Leased Premises as required by Section 2.1. A true and correct copy of Fortune Funding's written notice to Ceridian is attached hereto and incorporated herewith as Exhibit C.

17. On July 19, 2000, Ceridian responded to Fortune Funding's June 13, 2000 letter and denied that it had breached its obligations under Section 2.1(a) of the Lease Agreement. A true and correct copy of Ceridian's July 19, 2000 letter is attached hereto and incorporated herein as Exhibit D.

18. Under Section 1.3 of the Lease Agreement, the lease term ended at midnight on July 31, 2000.

19. Section 9.2 of the Lease Agreement requires Ceridian in part to "surrender the Premises to Lessor in the condition in which the Premises were originally received from Lessor, except as repaired, rebuilt, restored, altered or added to as permitted or required hereby . . .."

20. Ceridian has not cured the conditions described in Fortune Funding's June 13, 2000 written notice as required by Sections 2.1 and 9.2 of the Lease Agreement and is therefore in default.

**COUNT I**

**BREACH OF CONTRACT (REPAIR OBLIGATION)**

21. Fortune Funding incorporates by reference paragraphs 1 through 20 of its complaint into this count.

22. Section 1.1 of the Lease Agreement states in part that "Lessee has examined the Premises and . . . found all of the same satisfactory for all purposes."

23. Section 2.1(a) of the Lease Agreement states in part that "Lessee acknowledges that it has received the Premises in good order and repair."

24. Section 2.1(a) of the Lease Agreement requires Ceridian in part to "take all action and ... make all structural and nonstructural, foreseen and unforeseen and ordinary and

extraordinary changes and repairs which may be required to keep all parts of the Premises in good repair and condition . . ..”

25. Ceridian has breached the Lease Agreement with Fortune Funding by failing to make the requested changes and repairs.

26. As a direct and proximate result of Ceridian’s breach of the Lease Agreement, Fortune Funding has sustained damages in an amount in excess of $75,000, the exact amount to be determined at the time of trial.

27. Section 7.3(d) of the Lease Agreement allows Fortune Funding to recover from Ceridian its attorneys fees and expenses incurred in connection with this lawsuit.

**COUNT II**

**BREACH OF CONTRACT (SURRENDER OBLIGATION)**

28. Fortune Funding incorporates by reference paragraphs 1 through 27 of its complaint into this count.

29. Section 9.2 of the Lease Agreement requires Ceridian in part to “surrender the Premises to Lessor in the condition in which the Premises were originally received from Lessor, except as repaired, rebuilt, restored, altered or added to as permitted or required hereby . . ..”

30. Ceridian has breached the Lease Agreement with Fortune Funding by failing to surrender the Leased Premises in the condition required by Section 9.2 of the Lease Agreement, as set forth in Exhibit C.

31. As a direct and proximate result of Ceridian’s breach of the Lease Agreement, Fortune Funding has sustained damages in an amount in excess of $75,000, the exact amount to be determined at the time of trial.

32. Section 7.3(d) of the Lease Agreement allows Fortune Funding to recover from Ceridian its attorneys fees and expenses incurred in connection with this lawsuit.

**COUNT III**

**VIOLATION OF MINN. STAT. § 561.17**

33. Fortune Funding incorporates by reference paragraphs 1 through 32 of its complaint into this count.

34. Minn. Stat. § 561.17 states in part that "[i]f a . . . tenant for . . . years, . . . of real property commits waste thereon, any person injured by the waste may bring an action against therefor, in which there may be judgment for treble damages, . . .."

35. Ceridian has committed waste by destroying, altering, misusing, and neglecting the Leased Premises to the detriment of Fortune Funding's ownership interest, as set forth in Exhibit C.

36. Ceridian's destruction, alteration, misuse, and neglect of the Leased Premises to the detriment of Fortune Funding's ownership interest has resulted in material damage to the Leased Premises.

37. As a direct and proximate result of Ceridian's violation of Minn. Stat. § 561.17, Fortune Funding has sustained damages in an amount in excess of $75,000, the exact amount to be determined at the time of trial.

38. Pursuant to Minn. Stat. § 561.17, Ceridian is liable for three times the amount of actual damages sustained by Fortune Funding.

**COUNT IV**

**COMMON LAW WASTE**

39. Fortune Funding incorporates by reference paragraphs 1 through 38 of its complaint into this count.

40. Ceridian has committed common law waste by destroying, altering, misusing, and neglecting the Leased Premises to the detriment of Fortune Funding's ownership interest, as set forth in Exhibit C.

41. Ceridian's destruction, alteration, misuse, and neglect of the Leased Premises to the detriment of Fortune Funding's ownership interest has resulted in material damage to the Leased Premises.

42. As a direct and proximate result of Ceridian's waste, Fortune Funding has sustained damages in an amount in excess of $75,000, the exact amount to be determined at the time of trial.

**COUNT V**

**INTENTIONAL MISREPRESENTATION**

43. Fortune Funding incorporates by reference paragraphs 1 through 42 of its complaint into this count.

44. Ceridian represented to Fortune Funding through the Lease Agreement and its letter of December 10, 1985, that it "has examined the Premises and . . . found all of the same satisfactory for all purposes."

45. Ceridian further represented to Fortune Funding through the Lease Agreement and its letter of December 10, 1985, that it "acknowledges that it has received the Premises in good order and repair."

46. Ceridian made the above-mentioned misrepresentations of present facts during the course of the sale, purchase and lease of the Leased Premises.

47. Ceridian made the above-mentioned misrepresentations knowing they were false, or without knowledge of their truth or falsity.

48. The content of the misrepresentations made by Ceridian were facts which were material to the sale, purchase and lease of the Leased Premises.

49. Fortune Funding acted in reliance upon the misrepresentations made by Ceridian. The circumstances of the misrepresentations and the parties' relationship justified Fortune Funding's reliance.

50. As a direct and proximate result of Ceridian's misrepresentations, Fortune Funding has suffered damages in an amount believed to be in excess of $75,000.00, the exact amount which will be proven at trial.

**COUNT VI**

**NEGLIGENT MISREPRESENTATION**

51. Fortune Funding incorporates by reference paragraphs 1 through 49 of its complaint into this count.

52. Ceridian made the above-mentioned misrepresentations to Fortune Funding during the course of the sale, purchase and lease of the Leased Premises.

53. Ceridian made the above-mentioned misrepresentations to Fortune Funding without exercising reasonable care to ensure their accuracy.

54. The content of the misrepresentations made by Ceridian to Fortune Funding were facts which were material to the sale, purchase and lease of the Leased Premises.

55. Fortune Funding acted in reliance upon the misrepresentations made by Ceridian. The circumstances of the misrepresentations and the parties' relationship justified Fortune Funding's reliance.

56. As a direct and proximate result of Ceridian's misrepresentations, Fortune Funding has suffered damages in an amount believed to be in excess of $75,000.00, the exact amount which will be proven at trial.

## COUNT VII

## VIOLATION OF THE CONSUMER FRAUD ACT

57. Fortune Funding incorporates by reference paragraphs 1 through 56 of its complaint into this count.

58. Ceridian made the above-mentioned misrepresentations and false promises to Fortune Funding during the course of the sale, purchase and lease of the Leased Premises.

59. The misrepresentations and false promises were made by Ceridian with the intent that Fortune Funding rely on them in connection with the sale, purchase and lease of the Leased Premises, in violation of Minn. Stat. § 325F.69, subd. 1.

60. As a direct and proximate result of Ceridian's misrepresentations and false promises, Fortune Funding has suffered damages in an amount believed to be in excess of $75,000.00, the exact amount which will be proven at trial.

61. For Ceridian's violation of Minn. Stat. § 325F.69, subd. 1, Fortune Funding is also entitled to recover its costs of investigation, attorneys' fees and other fees and costs pursuant to Minn. Stat. § 8.31, subd. 3a.

## CROSS-CLAIM

For its cross-claim against intervenor Prudential, Fortune Funding states and alleges as follows:

62. Fortune Funding incorporates by reference paragraphs 1 through 61 of its complaint into this cross-claim.

63. Prudential has intervened in the present action contending that it is entitled to prosecute and recover under the above-stated claims asserted by Fortune Funding against Ceridian.

64. Prudential has no interest in Fortune Funding's claims or any recovery under these claims, which are personal to Fortune Funding.

65. There is an actual and justiciable controversy between Fortune Funding and Ceridian as to who is entitled to prosecute the claims alleged and to the proceeds of this lawsuit.

66. Fortune Funding is entitled to a declaratory judgment of this court declaring that Prudential has no interest in Fortune Funding's claims under the Declaratory Judgment Act, 28 U.S.C. § 2201.

WHEREFORE, plaintiff Fortune Funding, LLC requests judgment against defendant Ceridian Corporation and cross-claim defendant Prudential Insurance Company of America as follows:

1. Awarding Fortune Funding its damages in excess of $75,000.00 suffered as a consequence of Ceridian's breaches of the Lease Agreement, its commission of waste on the Leased Premises, its intentional and negligent misrepresentations, and its violations of the Minnesota Consumer Fraud Act;

2. Granting and awarding Fortune Funding treble damages for Ceridian's violation of Minn. Stat. § 561.17;

3. Declaring that Prudential has no interest in Fortune Funding's claims or any recovery against Ceridian.

4. Awarding Fortune Funding its costs, expenses, expert fees, disbursements and reasonable attorneys' fees incurred in bringing this action;

5. Granting such other and further relief as the court deems just and equitable.

Dated:

Gary A. Van Cleve (156310)
James M. Susag (261038)
LARKIN, HOFFMAN, DALY & LINDGREN, Ltd.
1500 Wells Fargo Plaza
7900 Xerxes Avenue South
Bloomington, Minnesota 55431-1194
(952) 835-3800

Attorneys for Plaintiff Fortune Funding, LLC

::ODMA\PCDOCS\LIB1\656194\1