UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 00-1809(DSD/FLN)

Fortune Funding, LLC, a Florida limited liability company,

Plaintiff,

v.

**ORDER**

Ceridian Corporation, a Delaware corporation,

Defendant.

Gary VanCleve, Esq., Christopher J. Deike, Esq. and Larkin, Hoffman, Daly & Lindgren, 1500 Wells Fargo Plaza, 7900 Xerxes Avenue South, Bloomington, MN 55431, counsel for plaintiff.

Steven J. Wells, Esq., Randall R. Frykberg, Esq. and Dorsey & Whitney, 50 Sixth Street South, Suite 1500, Minneapolis, MN 55402, counsel for defendant.

This matter is before the court upon the motion for a new trial of plaintiff Fortune Funding, LLC ("Fortune Funding"). Based upon a review of the file, record and proceedings herein, and for the reasons stated, the court denies that motion.

**BACKGROUND**

Defendant Ceridian Corporation ("Ceridian") owned and then leased the Ceridian World Headquarters Building in Bloomington, Minnesota. Plaintiff Fortune Funding leased the property to Ceridian Corporation from 1985 to 2000. Fortune Funding brought

FILED 11-1-02
RICHARD D. SLETTEN, CLERK
Judgment Ent'd. ______
Deputy Clerk's Initials ______

this action against Ceridian for fraud, claiming that Ceridian misrepresented the condition of the property to them. Fortune Funding seeks damages from Ceridian.

On September 16, 2002, at the conclusion of deliberations, the jury returned the following special verdict:

We, the jury in the above entitled action, return the following answers to the questions of fact presented to us.

1. Did defendant Ceridian falsely represent past or present material facts to plaintiff Fortune Funding?

No

If your answer is Yes, go to Question No. 2. If your answer is No, then have your foreperson sign and date the special verdict form, as you have finished your deliberations.

2. Did Fortune Funding know, or by the exercise of reasonable care should it have known, before July 28, 1994, about the condition of the curtainwall?

[No answer.]

If your answer is Yes, then have your foreperson sign and date the special verdict form, as you have finished your deliberations. If your answer is No, then go to Question No. 3.

3. At the time the misrepresentation was made, did Ceridian know those facts were false or assert those facts without knowing whether they were true or false?

[No answer.]

If your answer is Yes, go to Question No. 4. If your answer is No, then have your foreperson sign and date the special verdict form, as you have finished your deliberations.

4. Did Ceridian intend that Fortune Funding rely on the misrepresentation about the condition of the curtainwall?

[No answer.]

If your answer is Yes, go to Question No. 5. If your answer is No, then have your foreperson sign and date the special verdict form, as you have finished your deliberations.

5. Did Fortune Funding rely on the misrepresentation about the condition of the curtainwall?

[No answer.]

If your answer is Yes, go to Question No. 6. If your answer is No, then have your foreperson sign and date the special verdict form, as you have finished your deliberations.

6. Was Fortune Funding justified in relying on the misrepresentation about the condition of the curtainwall?

[No answer.]

If your answer is Yes, go to Question No. 7. If your answer is No, then have your foreperson sign and date the special verdict form, as you have finished your deliberations.

7. Did the misrepresentation about the condition of the curtainwall directly cause Fortune Funding to suffer damages?

[No answer.]

Plaintiff Fortune Funding now brings a motion for a new trial. After careful review, the court denies that motion.

**DISCUSSION**

Pursuant to Fed. R. Civ. P. 59(a), a new trial may be granted to any party in any action "in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States." Fed. R. Civ. P. 59(a). The Eighth Circuit Court of Appeals determined that a motion for a new trial may be

> bottomed on the claim that the verdict is against the weight of the evidence, that the damages are excessive, or that, for other reasons, the trial was not fair to the party moving; and may raise questions of law arising out of alleged substantial errors in admission or rejection of evidence or instructions to the jury.

Children's Broadcast Corp. v. Walt Disney Co., 245 F.3d 1008, 1017 (8th Cir. 2001). Only prejudicial errors may form the basis for a new trial. Buchholz v. Rockwell Int'l Corp., 120 F.3d 146, 148 (8th Cir. 1997)(citation omitted). "Authority to grant a new trial pursuant to Federal Rule of Civil Procedure 59 is fully within the discretion of the district court." Larson v. Farmers Coop. Elevator, 211 F.3d 1089, 1095 (8th Cir. 2000)(citation omitted).

In Fortune Funding's motion for a new trial, it alleges that the court committed prejudicial error (1) by refusing to permit post-1985 evidence of the condition of the building, (2) by

excluding a 1982 letter from Pat Conway and (3) by refusing to instruct the jury on Minnesota law relating to a party's duty to disclose facts. The court considers each allegation in turn and, after careful review, concludes that it did not commit prejudicial error.

**A. Post-1985 Evidence of the Condition of the Building**

At trial, Fortune Funding sought to introduce an outside consultant report regarding the curtain wall which was completed in 1998, correspondence regarding that report and some photographs of the curtain wall taken at an uncertain date. The court did not permit Fortune Funding to present that evidence because the court concluded that such evidence was irrelevant and prejudicial. Fortune Funding contends that the court's ruling is prejudicial error because such evidence (1) is relevant to whether Ceridian made false representations, (2) is relevant and necessary under the doctrine of judicial estoppel and (3) is necessary to prevent Ceridian from contradicting its judicial admissions.

Contrary to Fortune Funding's assertion, the condition of the curtain wall after 1985 is not relevant to whether Ceridian made false representations in 1985. Evidence regarding curtain wall leakage between 1998 and 2000 that may have resulted from ordinary wear and tear for which Ceridian is not responsible is not probative of whether or not Ceridian was truthful in negotiating the sale of its building in 1985. See Fed .R. Evid. 401 and 402.

Even if such evidence had any probative value, which it does not, its probative value is substantially outweighed by the danger of unfair prejudice to Ceridian and by the high potential of jury confusion.[1] See Fed. R. Evid. 403. Further, such evidence would have been cumulative.

Moreover, such evidence is not relevant or necessary under the doctrine of judicial estoppel. Under that doctrine, a party is prohibited from taking inconsistent positions in the same or related litigation. Pickens v. Soo Line R.R. Co., 264 F.3d 773, 779 (8th Cir. 2001)(citation omitted); United States v. Trans. Admin. Servs., 260 F.3d 909, 917 (8th Cir. 2001); Houssaini v. Mo. Med. Ctr., 140 F.3d 1140, 1142 (8th Cir. 1998)(citation omitted). In its motion for partial summary judgment, Ceridian claimed that Fortune Funding could present no evidence that the curtain wall leakage had increased since 1985 beyond that which might be attributable to ordinary wear and tear. At trial, witnesses who had knowledge of the building's condition in 1985 did not contend that the building was leak-free. Instead, they testified that the sealant program initiated by Control Data in 1983-84 had reduced

---

[1] The court previously ruled that Ceridian had not violated its lease obligations, that Ceridian was not responsible for deterioration of the building caused by ordinary wear and tear and that there was no evidence of increased leakage between 1985 and 2001 beyond that which may be attributable to ordinary wear and tear. Because Fortune Funding's proffer did not account for increased leakage that may be attributable to ordinary wear and tear, the jury likely would have been confused into thinking that Ceridian was responsible for the damage.

leakage to the extent that Control Data and the original purchaser no longer considered the leakage to be a significant problem. Such evidence is not inconsistent with Ceridian's position in its motion for partial summary judgment.

Lastly, evidence of the condition of the curtain wall after 1985 is not necessary to prevent Ceridian from contradicting its judicial admissions, especially since, as the court expressed at trial, those judicial admissions were of questionable relevance. Thus, even if the court's decision to exclude such evidence to contradict Ceridian's judicial admissions was an error, such an error would not have been prejudicial because, as stated, the condition of the building in 2000 is not relevant to whether Ceridian committed a fraud in 1985. Therefore, the court did not commit prejudicial error by failing to allow evidence about the condition of the curtain wall after 1985 because such evidence is irrelevant, likely to cause confusion to the jury and cumulative. See Fed. R. Evid. 402, 403.

**B. The 1982 Patrick Conway Letter**

In 1982, Patrick Conway wrote Plaintiff's Ex. 28, a letter to the parties that Ceridian had sued over the curtain wall. In the letter, he indicated that Ceridian had no way of knowing whether it would be able to fix its problem and that Ceridian was assuming a "substantial risk" by settling the matter for a relatively paltry sum. Fortune Funding claims that the court's decision to exclude

that letter pursuant to Federal Rule of Evidence 408[2] entitles it to a new trial. The court disagrees.

Fortune Funding contends that Federal Rule of Evidence 408 does not apply because the settlement offer arose in a different litigation concerning a subsequent claim. However, courts have excluded settlement dealings which took place in prior litigation when litigants have sought to use such evidence. See Williams v. Fermenta Animal Health Co., 984 F.2d 261, 264 (8th Cir. 1993)(affirming district court's decision to exclude evidence of settlement of prior lawsuit against employer's predecessor pursuant to Federal Rule of Evidence 408); Playboy Enters., Inc. v. Chuckleberry Publ'g, Inc., 687 F.2d 563, 568-69 (2d Cir. 1982). While Fortune Funding also contends that Federal Rule of Evidence 408 does not apply because the letter was not a "true offer" but rather a demand, the court finds no basis for Fortune Funding's

[2] Federal Rule of Evidence 408 provides, in relevant part:

> Evidence of (1) furnishing or offering or promising to furnish, or (2) accepting or offering or promising to accept, a valuable consideration in compromising or attempting to compromise a claim which was disputed as to either validity or amount, is not admissible to prove liability for or invalidity of the claim or its amount. Evidence of conduct or statements made in compromise negotiations is likewise not admissible. Fed. R. Evid. 408.

contention. Accordingly, the court's decision to exclude the 1982 Conway letter was not erroneous and Fortune Funding is not entitled to a new trial based upon that decision.[3]

**C. Jury Instructions**

Finally, Fortune Funding asserts that it is entitled to a new trial because the court erred by failing to instruct the jury on Ceridian's duty to disclose. Minnesota law recognizes two bases for claims of fraudulent misrepresentation: (1) a party may make a false statement of fact without knowing whether it is true or false or (2) a party may conceal or fail to disclose facts rendering those disclosed misleading. Iverson v. Johnson Gas Appliance Co.,172 F.3d 524, 529 (8th Cir. 1999)(citation omitted). The Federal Rules of Civil Procedure require that the circumstances constituting the fraud to be pleaded with particularity. See Fed. R. Civ. P. 9(b)("In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity."); see, e.g., Greenwood v. Dittmer, 776 F.2d 785, 789 (8th Cir. 1985); Bennett v. Berg, 685 F.2d 1053, 1062 (8th Cir. 1982). The "circumstances" include the "time, place and contents of false representation, as well as the identity of the person

[3] Moreover, even if the court were to find that its decision to exclude the letter was an error, which the court does not, such an error would not have been prejudicial since the 1982 letter was cumulative evidence.

making the misrepresentation and what was obtained or given up thereby." Id. at 1062.

Throughout this action, Fortune Funding claimed that Ceridian committed fraud by affirmatively misrepresenting facts. (Fortune Funding's Second Am. Compl. at ¶¶ 43-50.) While Fortune Funding amended its complaint twice, it never amended its complaint to allege fraud by omission. Since Fortune Funding failed to plead fraud by omission, it could not have pleaded fraud by omission with particularity. Therefore, the court did not err by failing to give an instruction on the duty to disclose because Fortune Funding did not make a claim warranting an instruction on that duty.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED** that plaintiff's motion for a new trial is denied.

Dated: November _/_, 2002

David S. Doty, Judge
United States District Court